Andrew M. Casanave, Lake Charles, LA, for Defendant–Appellant.

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM: *

Jonathan Wade Davis appeals his sentence following a guilty plea to possession with intent to distribute approximately 28 grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). Relying primarily on *Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), Davis argues that the district court erroneously sentenced him based on its determination that he was responsible for 2.4948 kilograms of methamphetamine when he stipulated only to 28 grams as charged in the bill of information. Davis's *Blakely* argument is foreclosed by circuit precedent. *See United States v. Pineiro*, 377 F.3d 464, 473 (5th Cir.2004), *petition for cert. filed* (U.S. July 14, 2004)(No. 03–30437).

Davis also argues that the district court erred by not sentencing him below the statutory minimum. The Government, which had filed a motion for downward departure under U.S.S.G. § 5K1.1 prior to sentencing, concedes that the district court erroneously concluded that it could not sentence Davis below the statutory minimum. Our review of the record shows that the district court did err as a matter of law in its belief that the sentence could not be lower than the statutory minimum. *See United States v. Lopez*, 264 F.3d 527, 531–32 (5th Cir.2001). Because it is not

apparent whether the district court would have imposed the same sentence absent the error, the case must be remanded for resentencing. *See United States v. Tello*, 9 F.3d 1119, 1131 (5th Cir.1993).

AFFIRMED in part, VACATED in part, and REMANDED.

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Juan Carlos RAMIREZ–SANTANA,**
**Defendant–Appellant.**

**No. 04–40315.**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided Dec. 17, 2004.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Assistant Federal Public Defender, Aurora Ruth Bearse, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

---

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM: *

Juan Carlos Ramirez–Santana pleaded guilty of illegal reentry following deportation, in violation of 8 U.S.C. § 1326(a). The district court sentenced him to 60 months of imprisonment.

For the first time on appeal, Ramirez argues that the "felony" and "aggravated felony" provisions set forth in 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional in light of *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because they do not require the fact of a prior felony or aggravated felony conviction to be charged in the indictment and proved beyond a reasonable doubt. As Ramirez concedes, his argument is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). *See United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000).

Ramirez also argues for the first time on appeal that if *Almendarez–Torres* is overruled, the Supreme Court's holding in *Blakely v. Washington,* —— U.S. ——, ——, 124 S.Ct. 2531, 2537, 159 L.Ed.2d 403 (2004), renders unconstitutional the district court's calculation of his sentence under the United States Sentencing Guidelines based on facts relating to his prior convictions that were neither found by a jury beyond a reasonable doubt nor admitted by him. Ramirez concedes that in addition to the obstacle posed by *Almendarez–Torres,* his argument regarding the effect of *Blakely* is foreclosed by *United States v. Pineiro,* 377 F.3d 464, 465–66 (5th Cir. 2004), *petition for cert. filed* (U.S. July 14, 2004) (No. 04–5263), in which this court held that *Blakely* does not extend to the United States Sentencing Guidelines.

The judgment of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.