United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 4, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40315
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN CARLOS RAMIREZ-SANTANA,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:03-CR-1545-ALL
---------------------

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

This court affirmed the sentence of Juan Carlos Ramirez-
Samtana ("Ramirez"), United States v. Santana, No. 04-40315 (5th
Cir. Dec. 17, 2004) (unpublished). The Supreme Court vacated and
remanded for further consideration in light of United States v.
Booker, 125 S. Ct. 738 (2005). De la Cruz-Gonzales v. United
States, 125 S. Ct. 1995 (2005). We requested and received
supplemental letter briefs addressing the impact of Booker.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Ramirez argues that sentencing him under the mandatory Sentencing Guidelines regime held unconstitutional in Booker constituted reversible plain error.  However, to meet the third prong of the plain error analysis and show that the error affected his substantial rights, Ramirez bears the burden of "establish[ing] that the error affected the outcome of the district court proceedings."  United States v. Valenzuela-Quevedo, 407 F.3d 728, 732-33 (5th Cir. 2005), petition for cert. filed (July 25, 2005) (No. 05-5556).  Ramirez concedes that he cannot carry his burden, and our review of the sentencing transcript reveals that he has not carried his burden.  Nothing in the record indicates that the sentencing judge would have given a lower sentence if he had treated the Guidelines as advisory rather than mandatory.  See United States v. Mares, 402 F.3d 511, 521-22 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517).

Because nothing in the Supreme Court's Booker decision requires us to change our prior affirmance in this case, we reinstate our judgment affirming Ramirez's conviction and sentence.

AFFIRMED.